Case number 195306, Courtney Adams et al. v. Blount County, Tennessee et al. Argument not to exceed 15 minutes per side. Mr. Adams, you may proceed to the appellate. Good morning. Good morning, Your Honors. We deeply appreciate you all allowing oral argument in this case. Let's go, based on your statements, it's kind of... Let me tell you, the first thing, of course, that's going to jump out is the jurisdictional statement. And we're here because the Court of Appeals may decide challenging a legal aspect of the District Court's factual determination, such as whether the District Court properly assessed the incontrovertible record evidence. And we challenge it because we feel that it was a blatantly and demonstrably false factual determination by the underlying court. And also, the record is only supported by events based on the officer and the eyewitnesses' account that were not contradicted by any competent proof from the plaintiff whatsoever. And then, to the extent that there were disputes of facts, it's our position that we challenge the factual determination and or findings of the District Court as to, number one, whether Burns, my client, the officer, had an objectively reasonable suspicion that Michael Edwards, the deceased, was one, Dylan Tarbin, who was known to have assaulted an officer in this high-crime area. And Burns had gone to a meeting prior to going out. They had shown a photograph of him, and it's very, as you can see on page 12 of our plaintiffs, that it's very similar to what he looked like. And then, whether or not Edwards fled when Burns attempted to place him in the vehicle, and whether Edwards kicked Deputy Patty, which was another officer. So we feel, and I'm going to go through the facts real quick to get to our point. Does all that matter? I mean, isn't the allegation of excessive force here the alleged slamming of Edwards to the ground, to the concrete, which caused his head injury and his death, that the slamming to the concrete was the excessive force, and all this other stuff about whether he escaped and whether he kicked him and everything else? I mean, that's kind of beside the point, isn't it? No. No? But you're right as far as ultimately, and I can deal with that and work backwards if you wish. Well, okay. Why does all that matter? I mean, they're not seeking damages for anything else other than the excessive force of being slammed to the concrete. Yeah. Slamming is a word that was used to describe. Yeah, and they say, well, that's what they claim. You say they got tangled up and they fell. And, I mean, it sounds like a classic issue of fact. That's where you want to jump. That's where what? That's important. That's where you want to jump to, and this is what I'm about to say is so important. I want you to tell me why it's not. Okay. Because you have an officer who has been in a fight with a guy who's been, he's trying to handcuff him in the back. He can't handcuff him in the back. He's swinging and hitting the officer, according to the eyewitness. He then gets the guy and they find him. They get him to the car to put him in. He takes off. Now, here's where you're at. I know all that stuff, and I can see all that. And then he runs away and he catches up with him, and they say he slammed him in the concrete. Right. Okay, and here's why that is objectionably reasonable. To slam him into the concrete, kill him? Well, okay. What is the definition of slam? The officer defined what he said was slam. Okay? That's your natural, okay, he slammed him. Of course he slammed him. It's a street fight. But when he slammed him, if you look at what the three witnesses said, he, after it was over, what happened? Well, I guess I slammed him. The other officer said, well, it was more than a slam. What you have is the eyewitness and the officer saying that when he ran from the car, the officer grabbed him, turned him around to go back to the car, and he jumped up, leaped up, and kicked Officer Patty in the groin. And, yeah, that's a reaction, one second to go push. See, here's the problem. We understand that, but as really clearly explained in the district court's decision, the woman who was a witness to some of it from a distance didn't say that he broke away and tried to run again. She said they were holding him, he kicked the other officer or kicked at the other officer, and it looked like their legs got tangled and they fell. That's very different from your argument that the video blatantly contradicts the position of the plaintiff here because there were two attempts to escape. I'm struggling with the fact that it seems that at core this is simply a dispute of fact. You have an explanation from Officer Burns. The plaintiff has the autopsy report that says it was a homicide, that he could not have just fallen unless he fell off a ladder because it broke, completely cracked his skull in the back. That's a dispute of material fact as to the key legal issue of excessive force, and that is the definition of no jurisdiction for our court. That's the first thing you want to do. That's why I hit it first. You're not listening. Please, with all due respect, the autopsy report, nobody said the guy was kicked flat out and slammed to the ground. Yeah, he was slammed to the ground. It was reactionary. When an officer is fighting a guy and he kicks another officer in the groin, that's a reasonable reaction. It's not a thought-out plan. But isn't the issue of fact, whether it's reactionary or whether it's malicious or intentional or reckless, I mean, whether the officer really meant to slam him or not? It's objectionable. It's not what the officer subjectively thinks or does. That's not the standard. So, counsel, since you say that we're not listening, let me ask you this question. Yes, ma'am. With what you're trying to tell us, what is the issue that you say we need to decide in this particular hearing? If it's not a factual issue that we need to decide, what is it that you want us to decide? According to Rule 56, when you file a motion for a summary judgment, we come forward with proof. We've done our part. We've got an eyewitness who said, raised up, kicked, looked like legs were flailing, looks like something you do at school to keep a kid from doing that. The other officers say that we've come forward with our proof. The issue for your determination is what proof have they come forward to contradict? Evidence. Presentable evidence. Not credibility as to an eyewitness. Not, oh, the officers, they said this, they said that. Where is their proof? I'm going to stop you again. Where's their proof? I'm going to stop you again because under that same rule, would you concede that the court, the district court, at that point is not to weigh evidence. The court is only to determine whether there is a genuine issue of material fact. And if the district court is not to weigh evidence, certainly the circuit court is not to weigh evidence. Correct? But that's what they, that's what was done. Credibility. Oh, they went on about eyewitness or credibility or credibility. You can't sit there and go reflective speculation. I think was one of y'all's terms and one of y'all's opinions. If you look at the Stanford case, Stanford case is right on point. Okay? You've got a person fighting the officer. You've got her kicking another officer and you have the officer slamming him to the ground. No, the district court distinguished Sandifer, which is unpublished, and the district court distinguished that very reasonably saying what the evidence showed in Sandifer. And it was not a slam. The explanation of the district court was that what occurred in Sandifer was that sort of fussing back and forth and then the officer doing a motion down to the ground. But the key to all of this is that our discussion here is about a dispute of what actually occurred. When you come before us, it is the decisions on facts, the finding of fact by the district court below that governs. You must concede that view of the case when you are before us. Your arguments here aren't doing that. Well, I understand that, obviously. Because you disagree, and that's the stuff of law schools. No, no, no, no. You disagree, and then the trial is held and the dispute is resolved. But right now, what you have on the record is a 25- or 30-page-long opinion in which the district court made findings of fact. And those govern this case. If you dispute the district court's findings of fact, then we don't have jurisdiction to hear it. All we can decide is isolated and clearly legal questions. In the Stanford case, both were handcuffed, just like mine. Resisted after being handcuffed. Obstructing police business. Well, the charges are charges. What we're talking about is whether there is a material dispute of fact about what underlay those charges. And the kicking of the officer and slamming someone to the ground, like in Stanford. You don't have time to think. You don't have time to say. That's a fine jury argument. Your question here is whether there is a legal question not dependent upon a determination of fact. And I'm not seeing that. Okay, there are no facts that the judge came up with. She went into speculation. What about this? She didn't say, there's facts in this record to dispute that this guy was taken and slammed on his head to the ground. There's no proof to that. By three people, okay, there's three people that said that's not the way it happened. There's nothing for us to dispute because they don't have anything to dispute. That's my whole point. And it goes back to what you said, Judge Griffin. Yeah, slammed him to the ground. Okay, we'll give him that he was slammed to the ground. So what? What proof do you have that he was taken and surplexed or something and slammed to the ground on his head? How about the coroner's report that his skull was fractured? Sure it was. The guy chose to fight outside the grass, on the hill, and if you look at the coroner's report, it said the back and the back of the head were bruised. Okay, that's consistent with what I'm trying to tell you, that the facts undisputed show he was like that, slammed to the ground. Well, why doesn't that set up a situation where a fact finder, a jury, decides whether that was force sufficient and necessary under the circumstances of that case? Because I think that what the court said was that there is an issue, material issue of facts. Great question. Okay, and I'm saying give me a fact. Give me something to dispute. There is none. They have nothing to dispute. If you look at the Graham, Graham says severity of the crime. Graham says bleeding. The dispute is whether the force was excessive or not excessive. That sets up the dispute. You must have facts to support that, and there's no facts to support it. You just told me those are the facts. That he slammed him to the ground, sir, after kicking an officer in the groin. Busted his head. He died. He kicked the officer in the groin. He fought. He tried to get away. You told me those are the facts, and within those facts, was that force excessive or not excessive? Was it clearly established as to what you're supposed to do in a street fight when an officer gets kicked in the groin and you have one second to react to bring him down to the ground? I argue it to the jury. Mr. Prince, I see you're out of time. Did you reserve time for rebuttal? Two minutes. All right, you'll have two minutes. Thank you. Good morning. Good morning, Your Honors. Thank you. My name is Troy Boland, and I represent Mr. Edwards' estate, Courtney Adams, which is the mother of Mr. Edwards' two small children. First of all, Your Honors, the first point of argument is that this court lacks jurisdiction to hear this case. As the courts have summoned responses from the defendants in this case, the defendants in all of their briefs we contend only challenged the facts that the district court found, which limits the jurisdiction issue moot as it relates to this court. The defendants in this case want to suggest that there's no facts that support that Mr. Edwards was slammed to the ground. I just want to highlight a few of those points. Mr. Burns, Jerry Burns, said, I slammed him to the ground. He was actually asked the question, and it's in the audio, did you slam him or drop him? And he said, I slammed him. It's also in the exhibit, and the audio recordings, just for Your Honors, the audio recordings overlap. There's body cam and there's some cruiser video going at the same time, so you'll hear multiple recordings from different avenues. What we have in this case is this actual 22nd where Mr. Edwards was slammed to the ground is not captured on video. All we hear is Mr. Edwards lying on the ground, dying from multiple skull fractures where he was slammed to the ground. Did the deputy say he did not intend to slam him on the ground, that it was just a reaction? That is not in the record that I'm aware of. As a matter of fact, the officers, the way this folds out, just for Your Honors, when you're reviewing this is Deputy Burns first encounters Mr. Edwards and his friends, Mr. Hickam. As Mr. Burns is on the ground with Mr. Edwards, pinned him to the ground, an officer, Michael Bennett, shows up. You'll see some cruiser video from Officer Bennett. Bennett's the officer that then doesn't, he goes over to Mr. Burns while he's on the ground with Mr. Edwards. He goes to see Mr. Hickam who is up by the cruiser. And then Officer Patty arrives on the scene. Officer Patty and Mr. Burns are the ones that are escorting a handcuffed, compliant individual to an SUV, a cruiser SUV. You can hear Mr. Edwards while he's struggling on these audio recordings saying, Why are you doing this? You're going to kill me. Call 911. He's asking for help. And this is before Patty shows up. And when Patty shows up, I think there are some remarks from Officer Patty like, You get up or I'm going to light you up. He's referring to a taser, I believe. And so as they get to the vehicle, then obviously there is no capture as to the video of what happened to Mr. Edwards. As Your Honor has pointed out, the deposition of Miss Hackett indicated she was an eyewitness watching them from afar, not from afar, but from a distance that said it looked like their feet got tangled. Officer Burns and Officer Patty, who was present, also their testimony conflicts with one another. One says it was kind of a donkey kick. The other one says, well, he kicked with his right foot and then his foot hit the ground and didn't know if it left the ground. So it is our position, respectfully, that these are facts that a jury must decide. And these facts that was multiple days of Mr. Burns' giving a statement to the detective, these were relayed to the medical examiner. The detective went to the forensic medical examiner's office and said, This is what happened based on his conversation with Officer Burns. And she's like, No, it couldn't have happened that way. The autopsy report would read accident. She cites that, and that affidavit is in the record. Also, that same theory was given to the attending physician at the hospital where Mr. Edwards was taken, Dr. Prospech. I think is maybe how you pronounce it. I probably got that wrong. But also, it's like, Mm, couldn't have happened that way. This was a forceful slam to the ground. We're asking that this court uphold the ruling of District Judge Reeves that this court lacks. We ask that this court dismiss this petition for lack of jurisdiction to your Honor's Court. I'll answer any questions that the court may have. I have none. We have none. Thank you. You've got two minutes, rebuttal. Very respectfully, they have come forward with no proof, so there's nothing to dispute. You've got an eyewitness, two officers. There's no gratuitous force. There's no, he was not being submissive. He was not being compliant. He was fighting officers. At some point, plaintiff has to own up to his own wrongdoings, which were everything I've told you about and said that's in the record. Yes, he slammed him. And when an officer gets kicked where he got kicked, then there's going to be a slam. But the autopsy report said to the back and to the back of the head. Thank you. Thank you. All right, case will be submitted. We'll call the next case.